## ADAMS *v.* GRAY, administrator.

ATKINSON, Justice. 1. A paper was presented to the judge as a "second amendment" to the motion for a new trial. The judge did not approve this amendment, but appended a note disapproving the statement of facts contained therein. The exception to the disallowance of the paper is without merit.

2. One ground of the motion for a new trial alleges as a fact that a named juror was disqualified by reason of relationship within the prohibited degree to the defendant's attorney, who had a contingent fee in the case. There was no allegation as to identity of the witness by whom the alleged facts could be proved, or as to any supporting evidence. The only accompanying affidavit was by the plaintiff, her attorney, and another person, that none of them knew the fact of relationship before the trial and could not have ascertained it by due diligence. This ground does not comply with the rules of law relating to the grant of new trials on the basis of newly discovered evidence. It does not complain of any error occurring before verdict, and is insufficient as a ground of a motion for a new trial.

3. Two grounds of the motion for a new trial complain of the rejection of certain testimony offered by the plaintiff. Other testimony substantially the same, and by the same witness, was admitted without objection; and the testimony that was rejected was of slight materiality. There is no merit in these grounds.

4. Another ground complains of testimony as to a statement by the plaintiff's husband, that he thought the defendant "ought to give him some off on the note." There was other evidence to the effect that the plaintiff, when approached concerning the matters in question, stated that "she did not run the business," that her husband "was attending to it." There was no error in admitting the evidence. If it was objectionable on the ground that it was a declaration by a third person, it was not of sufficient materiality to require a reversal.

5. The only remaining ground of the motion for a new trial is merely elaborative of the general grounds. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 10373. FEBRUARY 28, 1935.

*Gilbert C. Robinson,* for plaintiff. *C. W. Foy,* for defendant.